WATERS OF WHITE LAKE, INC., Respondent, v. WILLIAM BIRCHELL, Appellant.— Appeal from an order denying defendant's motion that plaintiff make its complaint more definite and certain with respect to a description of its premises upon which defendant is alleged to have trespassed. The complaint is sufficiently definite and certain in its statement of a cause of action in trespass upon realty. The aid which defendant seeks may be forthcoming when plaintiff discharges its burden of proof at trial, or if needed earlier, by the office of a bill of particulars. Order affirmed, with $10 costs and disbursements. Hill, P. J., Heffernan, Brewster and Lawrence, JJ., concur; Foster, J., taking no part. [See post, p. 1059.]

### (May 18, 1946.)

In the Matter of the Claim of NILS MALMBERG, Respondent, against M & M TRANSPORTATION COMPANY et al., Appellants, and MERCHANTS MUTUAL CASUALTY COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Decision of this court, handed down May 15, 1946 (ante, p. 971), amended to read as follows: This is an appeal by an employer and two of its insurance carriers, the Travelers Insurance Company and the Maryland Casualty Company, from an award to claimant made by the State Industrial Board [now Workmen's Compensation Board]. The appeal involves an award for partial disability against three insurance companies, equally, from June 12, 1944, to October 20, 1944, as a result of three separate and distinct accidents. The third insurance company, the Merchants Mutual Casualty Company, has not appealed. The evidence sustains the determination of the board. Award affirmed, with costs to the Merchants Mutual Casualty Company, against the carriers, Travelers Insurance Company and Maryland Casualty Company, appellants. All concur.

In the Matter of the Claim of JAMES F. DI AMBROSIO, Respondent, against COMPETENT FUR DRESSERS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and insurance carrier from a decision and award of compensation under the Workmen's Compensation Law. Claimant was employed as a fur plucker. He suffered an attack of acute coronary thrombosis. There is evidence that at the time of the attack he was engaged in unusual exertion in the course of his employment, and also medical evidence of causal relation between the unusual exertion and the heart attack. Award affirmed, with costs to the Workmen's Compensation Board. All concur.